UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CAROLINA MADERA,

Plaintiff,

v.

COMENITY CAPITAL BANK; EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendants.

Case No.: 3:23-cv-02124-RBM-BJW

**ORDER GRANTING EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION TO CONFIRM ARBITRATION AWARD**

**[Doc. 36]**

Before the Court is Defendant Experian Information Solutions, Inc.'s ("Defendant" or "Experian") Motion to Confirm Arbitration Award ("Motion to Confirm"). (Doc. 36.) Plaintiff Carolina Madera ("Plaintiff") filed an Opposition to Defendant Experian's Motion to Confirm ("Opposition"). (Doc. 39.) Experian filed a Reply In Support of Motion to Confirm ("Reply"). (Doc. 40.)

The Court finds this matter suitable for determination without oral argument under Civil Local Rule 7.1(d)(1). Having reviewed the pleadings above, and for the reasons below, the Motion to Confirm (Doc. 36) is **GRANTED**.

## I. BACKGROUND

Plaintiff filed the Complaint against Defendants Experian and Comenity Capital Bank on November 17, 2023, alleging that they violated the Fair Credit Reporting Act, California's Identity Theft Act, and California's Consumer Credit Reporting Agencies Act. (Doc. 1 ¶¶ 85–97.) In February 2024, the Parties jointly moved to stay the case and submit their claims to arbitration. (Docs. 19–20.) The Court granted those motions, requiring the Parties to submit joint status reports regarding the progress of arbitration every 180 days. (Docs. 22, 28.) The Parties filed those joint status reports (*see* Docs. 29, 30, 34) until Experian filed its Motion to Confirm on February 4, 2026 (Doc. 36). The Motion to Confirm was fully briefed on March 2, 2026. (*See* Docs. 39–40.)

After this case was stayed, the Parties proceeded to arbitration. Arbitrator Kirk D. Yake ("the Arbitrator") scheduled an evidentiary hearing for April 23 and 24, 2025. (Doc. 36-1 at 3.) Before this hearing, Experian served Plaintiff with an Offer of Judgment ("the Offer") pursuant to the Federal Arbitration Act ("the FAA"), Federal Rule of Civil Procedure ("Rule") 68, and/or California Code of Civil Procedure ("CCP") § 998. (Doc. 36-3 at 24–26.) Under the Offer, Experian would pay Plaintiff $35,000 to settle her claim. (*Id.*) The Offer stated that Plaintiff could accept the offer by "serv[ing] written notice of acceptance . . . within 21 days of the date this offer is made." (*Id.* at 25.)

Plaintiff did not accept the Offer, so the Arbitrator held the evidentiary hearing as scheduled. On June 18, 2025, the Arbitrator issued an Interim Award in Experian's favor, finding "there was no reasonable basis to find liability against Experian in discharging its duty to [Plaintiff] to adopt and follow reasonable procedures to assure maximum possible accuracy of her credit report." (Doc. 36-2 at 45–48.) On September 22, 2025, the Arbitrator then issued a Final Award, directing Plaintiff to reimburse Experian $24,618.41 for non-expert costs incurred after the date of its Offer. (*Id.* at 43–44 ("The awarded amount is $24,618.41, representing non-expert costs as set forth in [Experian's] Declaration, as amended to account for all AAA arbitration costs. Expert costs are denied, as are attorney's fees.").

The Arbitrator reasoned that although Rule 68 "does not provide for cost-shifting when the plaintiff . . . fails to obtain any positive net judgment," CCP § 998 "has no similar bar to recovery should plaintiff fail to exceed an offer to compromise." (*Id.* at 44.) Indeed, the Arbitrator continued, "'[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff . . . shall pay the defendant's costs from the time of the offer.'" (*Id.* (quoting Cal. Code Civ. Proc. § 998(c)(1)) (emphasis in original).)

## II. LEGAL STANDARD

District courts have a limited role in reviewing arbitration awards. *See United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960) ("The federal policy of settling [ ] disputes by arbitration would be undermined if courts had the final say on the merits of the awards."). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). Under § 9 of the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Id.* (quoting 9 U.S.C. §§ 9–11). Sections 10 and 11 "provide the FAA's exclusive grounds for expedited vacatur and modification." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008). These grounds are:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy . . . ; (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made; [5] where there was an evident material miscalculation of figures . . . ; [6] where the arbitrators have awarded upon a matter not submitted to them . . . ; and [7] where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. §§ 10–11.

## III. DISCUSSION

Experian requests that the Court confirm the Final Award. (Doc. 36-1 at 2.) Plaintiff argues that (1) the Court lacks jurisdiction to confirm the Final Award because the present dispute is rooted solely in state law and (2) even if the Court has jurisdiction, it should vacate the Final Award because the Arbitrator "entered a Final Award that was not permitted by law, through the application of a defective [§] 998 offer." (Doc. 39 at 6–13.)

### A. Jurisdiction

Plaintiff represents that "[t]he fundamental question for this Court in this instant Motion is whether . . . the Court has a basis of jurisdictional authority to confirm the award." (*Id.* at 5.) The Parties' briefs discuss this issue at length. (*See* Doc. 36-1 at 5–6; Doc. 39 at 4–7; Doc. 40 at 2–4.) However, after the Motion to Confirm was fully briefed, the Supreme Court decided *Jules v. Andre Balazs Properties*, 146 S. Ct. 1209 (2026). In *Jules*, the Supreme Court unanimously held that "a federal court that has previously stayed claims in a pending action under § 3 of the [FAA] has jurisdiction to confirm or vacate a resulting arbitral award as to those claims under § 9 and § 10." *Id.* at 1214, 1220 (holding that a district court that has granted a stay should "superintend the arbitration to the end, including through confirmation or vacatur"). This is precisely the posture of the present case. Therefore, the Court has jurisdiction to confirm or vacate the Final Award.

### B. Legal Error

Plaintiff argues that the Court should vacate the Final Award because the Arbitrator analyzed fee-shifting under CCP § 998, rather than Rule 68. (Doc. 39 at 11.) According to Plaintiff, doing so exceeded the scope of the Arbitrator's authority because the Federal Rules, not California law, governed all procedural matters. (*Id.* at 9–11.) Experian argues that the Arbitrator did not err because "[o]ffer of judgment rules such as [CCP] § 998 are 'substantive,' as courts have repeatedly recognized in the *Erie* context." (Doc. 36-1 at 7 (citations omitted).) Experian also argues that, even if the Arbitrator erred by applying CCP § 998, the error was not so egregious that it constituted an arbitrator "exceeding [his] powers." (*Id.* (quoting 9 U.S.C. § 10).) The Court agrees with Experian.

"Arbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational' or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059–60 (9th Cir. 1991)). "The manifest disregard exception requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (citation modified). Rather, the moving party must "show the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Id.* (citation modified). Furthermore, the "governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Id.* (citation omitted).

The Court need not determine whether the Arbitrator erred when he determined that CCP § 998 should apply because, even if he did, "[t]he governing law alleged to have been ignored . . . [was not] well defined, explicit, and clearly applicable." *Id.* Plaintiff argues that the Arbitrator exceeded his authority by applying California law, rather than the Federal Rules, to fee shifting. The Court's research indicates only two district courts within the Ninth Circuit that have considered whether fee shifting is procedural or substantive. *See Zamani v. Carnes*, No. C-03-00852-RMW, 2009 WL 2710108, at *2 (N.D. Cal. Aug. 25, 2009) ("Although [CCP] section 998 is a state rule, offer of judgment rules appear to be substantive.") (citation modified); *Eaton v. FCA US, LLC*, Case No. 5:23-cv-01707-SRM-KSx, 2025 WL 1843245, at *3 (C.D. Cal. June 24, 2025) (noting that the *Zamani* court made this determination "without much elaboration" and refraining from ruling). A district court outside the Ninth Circuit found that "[a]lthough there is not substantial legal authority on the issue, federal courts have treated a state offer of judgment statute creating a right to attorney fees as substantive." *Scottsdale Ins. Co. v. Tolliver*, 262 F.R.D. 606, 612 (N.D. Okla. 2009) (collecting cases from the Eleventh Circuit, the Seventh Circuit, and the District of Rhode Island). Given the apparent dearth of case law, and Plaintiff's failure to cite authority to demonstrate that the Arbitrator was ignoring a "well defined, explicit, and

clearly applicable" law, the Court finds that the Arbitrator did not exceed his authority. *Collins*, 505 F.3d at 879 (finding that "the arbitrators could not manifestly disregard the law because no binding precedent existed").

**C. Defective Offer**

Plaintiff also argues that the Court should vacate the Final Award because the Offer failed to comply with the procedural requirements of CCP § 998. (Doc. 39 at 11–13.) Specifically, Plaintiff argues that the Offer did not include the required "provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." (*Id.* at 12.)

The requirements of section 998 are not "overly formal." *Puerta v. Torres*, 195 Cal. App. 4th 1267, 1273 (2011). "As long as a section 998 offer specifies the manner of acceptance, the steps for completing the acceptance may be implicit in the identified means of acceptance." *Rouland v. Pac. Specialty Ins. Co.*, 220 Cal. App. 4th 280, 288 (2013) (citation omitted); *see also Puerta*, 195 Cal. App. 4th at 1273 ("A sentence in the offer stating that acceptance could be indicated by return letter might be equally acceptable."). Here, the Offer indicated: "To accept this offer, [Plaintiff] must serve written notice of acceptance thereof within 21 days of the date this offer is made." (Doc. 36-3 at 25.) This statement thus "specifies the manner of acceptance" and complies with § 998. Plaintiff's argument here is unavailing.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, the Stay in this case is **<u>LIFTED</u>** and Experian's Motion to Confirm Arbitration Award (Doc. 36) is **<u>GRANTED</u>**. The Clerk of Court is directed to **<u>CLOSE</u>** this case.

**IT IS SO ORDERED.**

DATE: August 19, 2026

Ruth Bermudez Montenegro

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE